**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEFONE BEATTY, | |
| Plaintiff, | Civil Action: 09-0333 (AET) |
| v. | **O P I N I O N** |
| MR. FRAZIER, et al., | |
| Defendants. | |

**APPEARANCES:**

Stefone Beatty, Pro Se
#606383
Tully House
28 Peerless Place
Newark, NJ 07114

**THOMPSON,** District Judge

    Plaintiff, Stefone Beatty, has filed a motion to amend his original complaint, which was dismissed without prejudice on May 7, 2009. The motion is in the form of an amended complaint. This Court has reviewed the proposed amended complaint, and for the following reasons, the motion to amend will be denied. The amended complaint does not cure the deficiencies of the original complaint and cannot withstand sua sponte dismissal.

**BACKGROUND**

    In his original complaint, plaintiff stated that on February 4, 2008, while exercising on a pull-up machine at the Monmouth County Correctional Institution, the machine fell backwards and

landed on top of him.  The machine was not secured to the floor, but the base of the machine was shoved up under a radiator.  Due to his fall, plaintiff received numerous injuries, including bruised knees, strained back, fractured ribs, and bruised hips.  Plaintiff asserted a medical care claim under the Eighth Amendment.

In the Opinion, filed on May 7, 2009, this Court reviewed the facts of the original complaint, found that, even assuming that plaintiff's injuries amount to a "serious" medical need, plaintiff did not alleged facts indicating that the defendants were deliberately indifferent to his needs.  Plaintiff was able to consult with and be treated by different doctors on numerous occasions, was treated for all complaints, and received medication.  He was seen on sick call at the medical unit by the nurse practitioner, as outlined above, on numerous occasions.  This Court held that plaintiff's complaint, even liberally construed, alleged facts indicating no more than a disagreement with medical professionals about course of treatment, as a result of his condition not improving- which is not enough to proceed past <u>sua sponte</u> screening.

However, the Court granted plaintiff leave to file a motion to amend, and an amended complaint, to address the deficiencies of his original complaint as outlined in the May 7, 2009 Opinion.

Plaintiff timely filed a motion to amend (docket entry 5). In the motion to amend, plaintiff states that deliberate indifference to his medical needs was apparent in his treatment, because he did not receive an MRI to determine the nature and severity of his injuries (Motion to Amend, ¶¶ 6, 7, 8, 10, 17, 18), because he did not see an orthopedic specialist (Motion, ¶ 10), and because the Southern State Correctional Facility, to which he was transferred, failed to obtain his medical records (Motion, ¶¶ 10, 13). He also asserts that medical staff was not properly trained (Motion, ¶¶ 11, 18), and that the improper installation of the pull-up machine constituted more than negligence, but rather that the warden was deliberately indifferent in not training staff to maintain the equipment responsibly (Motion, ¶¶ 3, 4).

## DISCUSSION

For the reasons discussed in the Opinion dated May 7, 2009, plaintiff does not allege facts indicating deliberate indifference in the motion to amend. As outlined in that Opinion, plaintiff was treated for his injuries; however, the treatment was not to the extent that plaintiff would have preferred.

As stated in the May 7, 2009 Opinion:

> "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore,

> a prisoner's subjective dissatisfaction with his
> medical care does not in itself indicate deliberate
> indifference. See Andrews v. Camden County, 95 F.
> Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551
> F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453
> (4th Cir. 1984). Similarly, "mere disagreements over
> medical judgment do not state Eighth Amendment claims."
> White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).
> "Courts will disavow any attempt to second-guess the
> propriety or adequacy of a particular course of
> treatment ... [which] remains a question of sound
> professional judgment." Inmates of Allegheny County
> Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)
> (internal quotation and citation omitted). Even if a
> doctor's judgment concerning the proper course of a
> prisoner's treatment ultimately is shown to be
> mistaken, at most what would be proved is medical
> malpractice and not an Eighth Amendment violation. See
> Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

(Opinion, Docket entry 2, at p. 9). Plaintiff's proposed amended complaint does not cure the deficiencies of his original complaint. Likewise, for the reasons set forth in the May 7, 2009 Opinion, plaintiff's attempt to assert a claim regarding the faulty equipment in his proposed amended complaint supports nothing more than a negligence claim. (Opinion, Docket entry 2, at pp. 10-12).

Therefore, plaintiff's motion to amend will be denied, as his proposed amended complaint does not cure the deficiencies of his original complaint. An appropriate Order accompanies this Opinion.

_____
ANNE E. THOMPSON
United States District Judge

Dated: 2/2/10

4